Hugo Rene **MONTOYA FLORES**; Sandra Rubi Giron De Montoya; Ingrid Aida Montoya Giron, Junior Rene Giron Montoya Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–72042.
Agency Nos. A75–533–187, A75–533–188, A75–533–189, A75–533–190.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 24, 2004.*

Decided Sept. 14, 2004.

Andrew J. Vazquez, Esq., Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC-District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., for Respondent.

Before SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Hugo Rene Montoya–Flores, and his family, petition for review from the Board

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of Immigration Appeals' dismissal of their appeals of the IJ's denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture. They are native and citizens of Guatemala. The controlling issue is whether the IJ's adverse credibility findings were supported by substantial evidence. We give "special deference" to credibility findings based on the petitioner's demeanor. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). In this case, the adverse credibility finding is supported by specific reasons and upon demeanor observations. The IJ noted specific discrepancies and inconsistencies between his application for asylum and the testimony he offered to the court.

The finding that the petitioners failed to show a well-founded fear of future persecution is supported by the record. Because it is more lenient than the standard for withholding of removal and relief under the Convention Against Torture, those conclusions must be upheld as well. The denial of those applications must be upheld as well.

The petition for review is DENIED.